Allen, J.
delivered the opinion of the court.
It appearing that the father of the female appellant by his last will and testament, duly executed and admitted to prohat, did, amongst other things, bequeath certain personal property therein described to his wife during her natural life or widowhood; that two of the executors named in the will took upon themselves the execution of said office; that one of said executors departed this life, and the surviving executor was removed from his office, and administration de bonis non with the will annexed was committed to Daniel Mason, who executed bond with security and qualified as such administrator 'according to law; and it furthermore appearing by the report of the master commissioner, made out in pursuance of the interlocutory decree, that the whole of the personal estate of William Porter, the said testator, which came to the hands of said administrator de bonis non with the will annexed, was property held and enjoyed during her life by Sarah Porter, the widow of said William Porter, in virtue of the bequest aforesaid; and it also appearing that the testator by his will after the bequest to his wife as aforesaid, furthermore declared that in case she should not marry during her natural life, it was his will and desire that at her decease his executors should proceed to sell the whole of his estate, and divide the money arising therefrom as in the will directed; this court is of opinion that the assent of the executors to the legacy to the widow during her natural life or widowhood, and her enjoyment thereof under said bequest during her natural life, was not a full adminis *703 tration of the personal estate in this case. The will made no disposition of the specific property in favor of any third person after the death or marriage of the widow, but on the contrary required the executors at her decease to sell the property, describing it as part of his estate; thus making it the duty of the personal representative, in execution of the will, to take and sell the said personal estate when the life estate terminated, as part of the assets of the estate. The court is therefore of opinion that when after the death of the widow the administrator de bonis non with the will annexed took possession of and sold the personal property bequeathed to her during her natural life or widowhood, he was acting in virtue of his office and in performance of the duty imposed upon him by his office and the will of the testator; and that the sureties in his official bond were liable for his faithful administration thereof: It being the duty of the administrator to pay over the proceeds arising from the sale of such property amongst the residuary legatees in the mode prescribed in the will; and by the condition of their bond, they bound themselves that he should pay and deliver all the legacies contained and specified in the will as far as the goods, chattels and credits would extend. The court is therefore of opinion that the said decree is erroneous. It is therefore adjudged and ordered that the same be reversed with costs. And this cause is remanded to be further proceeded in according to the principles above declared in order to a final decree.